IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 1:03-CR-317 |
| v. : | |
| : | (Chief Judge Kane) |
| AUNDRA ENIDE FIELDS, : | |
| : | |
| **Defendant** : | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Aundra Fields' application to the Court for a certificate of appealability. (Doc. No. 182.) Specifically, Petitioner seeks to appeal from this Court's ruling on his writ of habeas corpus under 28 U.S.C. § 2255 that his trial counsel was not ineffective for failing to pursue an issue regarding the Department of Justice Petite policy. Because the Court finds that Petitioner has failed to show that reasonable jurists could debate whether he was granted ineffective assistance of counsel, no certificate of appealability will issue.

## I. BACKGROUND

The background of this case and Petitioner's habeas petition under 28 U.S.C. § 2255 is laid out in this Court's December 23, 2009 Memorandum and need not be reiterated here. (See Doc. No. 177.) Specifically at issue in Petitioner's application for a certificate of appealability is the portion of his habeas petition in which Petitioner challenged his trial counsel's failure to litigate and preserve the Petite policy issue. The Petite policy, deriving its name from <u>Petite v. United States</u>, 361 U.S. 529 (1960), is an internal policy adopted by the Department of Justice that bars a federal trial following a state prosecution for the same acts unless there are compelling reasons. See <u>United States v. Wilson</u>, 413 F.3d 382, 388-89 & n.7 (3d Cir. 2005). In

1

denying Petitioner's motion, this Court held that:

> Under existing Supreme Court and Third Circuit law, parallel prosecutions in state and federal court do not violate the Fifth Amendment guarantee against double jeopardy. Koon v. United States, 518 U.S. 81, 112 (1996) ("Successive state and federal prosecutions do not violate the Double Jeopardy Clause.") (citing Heath v. Alabama, 474 U.S. 82 (1985)); United States v. Wilson, 413 F.3d 382, 390 (3d Cir. 2005) (noting that under current precedent there is no double jeopardy bar to prosecution for the same crime in both the federal and state systems). Additionally, Petitioner has provided no citation to authority suggesting that this fundamental principle of double jeopardy is undergoing a revision in other circuits.
>
> As the Government points out, "it is little more than an exercise of pure speculation for [Petitioner] to argue that if [Petitioner's trial counsel] had challenged the Petite Policy Waiver, the decision would have been reversed. He has introduced no evidence to support this contention." (Doc. No. 174 at 16.)
>
> Therefore, the Court finds Petitioner has not demonstrated that his trial counsel was ineffective under the Strickland test as to the petite policy waiver claim. Therefore, his motion to vacate on this basis must be denied.

(Doc. No. 177 at 14-15.) In his application for a certificate of appealability, Petitioner argues that his counsel was "ineffective in not bringing the Petite issue to the attention of the government for intervention by it." (Doc. No. 182 at 3 n.1.)

## II. DISCUSSION

Title 28 § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Section 2253(c)(2) then goes on to provide that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2) (emphasis added).

To satisfy the substantial showing requirement, an applicant "must show that reasonable jurists could debate whether . . . the [habeas] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted).

Here, Petitioner has raised a claim of ineffective assistance of counsel. Specifically, Petitioner argues that his counsel should have sought to ensure that the Department of Justice was correctly apprised of his state sentences in order to persuade the federal government not to pursue its own prosecution in light of the Petite policy. Therefore, in order for a certificate of appealability to issue, Petitioner must establish that reasonable jurists could debate whether (1) the performance of his counsel fell below an objective standard of reasonableness; and (2) whether there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 691-94 (1984); George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001).

Looking at the second prong under Strickland, the Court finds that reasonable jurists could not debate over whether Petitioner was prejudiced by his counsel's failure to lobby the Government on the Petite policy issue. As the Court indicated in its December 23, 2009 Memorandum, it is pure speculation for Petitioner to argue that if his counsel had challenged the Petite policy waiver, the results of his case would have been different. Petitioner has introduced no evidence to support such a contention. Indeed, the only evidence that Petitioner provides is a December 23, 2004 letter from the Middle District of Pennsylvania's United States Attorney's Office to Main Justice asking for a Petite policy waiver, and the January 7, 2005 letter from Main Justice granting such a waiver. (Doc. No. 169; Exs. A & B.) The trial counsel which

Petitioner has accused of ineffective assistance, Dan Myshin, did not begin representing Petitioner until January 24, 2005. (Habeas Hearing Tr. 5, August 6, 2009.) During the evidentiary hearing on Petitioner's habeas motion, Mr. Myshin testified that he discussed the Petite policy issue with the Assistant United States Attorney Joe Terz and that Mr. Terz "indicated . . . that he had already received the letter from [Main Justice] indicating that it had been done." (Id. at 17.) Given that the United States Attorney's Office had already secured a Petite policy waiver by the time that Mr. Myshin began representing Petitioner, there is no evidence to show, beyond Petitioner's pure speculation, that any action by Mr. Myshin would have changed the Government's already-formed determination on the issue. Petitioner's habeas counsel, Stephen Becker, acknowledged as much before the Court at the habeas hearing:

> And I think it's possible, and I can't speak for main justice and I can't speak for the U.S. Attorney here, but if they had known that Mr. Fields had been sentenced not to seven years but to 12 to 25 years, that it might have made a difference about whether or not this office would have sought the waiver and whether the waiver would have been granted.

(Habeas Hearing Tr. 53, August 6, 2009.) As Mr. Becker indicated, such a scenario taking place is of course *possible*; however, there has been no evidence submitted that would cause reasonable jurists to find that there was a reasonable *probability* of such an outcome.

Contrarily, the Court notes that every circuit to have addressed the Petite policy, including the Third Circuit Court of Appeals, has determined that it does not confer any enforceable rights for a defendant. See Wilson, 413 F.3d at 389 (addressing the Petite policy and stating that "Department of Justice guidelines and policies do not create enforceable rights for criminal defendants"); United States v. Cote, 544 F.3d 88, 104 (2d Cir. 2008) (reiterating its holding that the Petite policy "affords defendants no substantive rights" and instead "is merely

4

an internal guideline for exercise of prosecutorial discretion, not subject to judicial review") (citations and internal quotation marks omitted); United States v. Barrett, 496 F.3d 1079, 1120-21 (10th Cir. 2007) (finding district court did not err in refusing to dismiss a superseding indictment on the basis of an alleged violation of the Petite policy because the policy "is merely a housekeeping provision of the Department" that, "at most," serves as "a guide for the use of the Attorney General and the United States Attorneys in the field," and does not confer any enforceable rights upon criminal defendants) (citations and internal quotation marks omitted); United States v. Larsen, 427 F.3d 1091, 1094 (8th Cir. 2005) ("The policy . . . confers no substantive rights on a criminal defendant and thus Mr. Larsen could obtain no relief based on it even if the government had acted contrary to it here.") (internal citation omitted); United States v. Jackson, 327 F.3d 273, 295 (4th Cir. 2003) ("That the Department of Justice has developed an internal protocol for exercising discretion and channeling prosecutorial resources does not provide license for courts to police compliance with that protocol, and it is well established that the Petite policy and other internal prosecutorial protocols do not vest defendants with any personal rights."); United States v. Angleton, 314 F.3d 767, 776 (5th Cir. 2002) (noting that "the Petite policy is not constitutionally mandated, because 'the Constitution does not prohibit successive state-federal prosecutions'") (citation omitted); United States v. Meade, 110 F.3d 190, 201 n.20 (1st Cir. 1997) (noting that the Petite policy "does not confer substantive rights on criminal defendants") (citation and internal quotation marks omitted); United States v. Beard, 41 F.3d 1486, 1490 n.11 (11th Cir. 1995) (noting that a criminal defendant has no right to enforce the Petite policy); United States v. Heidecke, 900 F.2d 1155, 1157 n.2 (7th Cir. 1990) ("Of course, as an internal government guideline, the Petite policy gives Heidecke no substantive

rights."); United States v. Renfro, 620 F.2d 569, 574 (6th Cir. 1980) ("[T]he Petite policy is not constitutionally mandated and confers no rights upon the accused.") (internal quotation marks and citation omitted); United States v. Alston, 609 F.2d 531, 537 (C.A.D.C. 1979) ("The Petite policy is not law, but rather an executive policy that permits of exceptions in the Attorney General's discretion."); United States v. Snell, 592 F.2d 1083, 1087 (9th Cir. 1979) ("Assuming Arguendo that the second prosecution violates the Petite policy, we conclude that such a violation of the internal housekeeping rules of the Department of Justice does not entitle Snell to dismissal of the indictment.").

## III. CONCLUSION

Reasonable jurists could not debate whether Petitioner was granted ineffective assistance of counsel as to the Petite policy issue; therefore, no certificate of appealability will issue.

**ACCORDINGLY**, on this 14th day of June 2010, it is **HEREBY ORDERED THAT** Petitioner's application for a certificate of appealability is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania